UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KERRY NOEL,                                                                   Civil Action No.:

               Plaintiff,                                                   COMPLAINT

  - against –

EDWIN GOULD SERVICES FOR
CHILDREN AND FAMILIES and
OASIS OUTSOURCING VI, INC.,

               Defendants.
-----------------------------------------------------------X

## INTRODUCTION

1.     Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay him overtime premium pay for all hours worked in excess of forty (40) per week, and that Defendants acted in a manner that was willful and without good faith.

2.     Plaintiff further alleges that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") and of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3.     This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative

facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

PARTIES

5. Plaintiff, Kerry Noel (hereinafter "Plaintiff"), is a resident of Brooklyn, New York. He was employed as an Information Management Specialist at the Defendants' foster care and adoption service from on or about January 10, 2008 until on or about June 27, 2016.

6. Defendant, Edwin Gould Services for Children and Families, Inc. (hereinafter "Gould"), is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. The Defendant, Oasis Outsourcing VI, Inc. (hereinafter "Oasis"), is a foreign business corporation duly authorized to conduct business in the State of New York.

FACTS

8. Defendants operate a foster care and adoption service located at 151 Lawrence Street, 5th Floor, Brooklyn, New York 11201.

9. Upon information and belief, during Plaintiff's employment, Gould and Oasis operated the foster care and adoption service under a client service agreement where both Gould and Oasis agreed to act as co-employers to the employees employed therein.

10. Plaintiff was employed by Defendants as an Information Management Specialist.

11. During his employment, Plaintiff received paystubs and W-2 wage and tax

earnings statements identifying Oasis as his employer along with Gould.

12. Defendants regularly provide services to children and parents outside of the State of New York, including but not limited to New Jersey, Pennsylvania, Texas, Florida, North Carolina, Minnesota, and Virginia.

13. Plaintiff's primary duty was to process payments to foster families to care for foster children.

14. During his employment, Defendants received millions of dollars of funds each month from Federal, State, and City agencies, including the New York State Office of Children and Family Services, the New York City Administration for Children's Services, and Medicaid.

15. During his employment, Plaintiff's primary duty was to distribute these government funds to foster parents located outside of the State of New York, including but not limited to New Jersey, Pennsylvania, Texas, Florida, North Carolina, Minnesota, and Virginia.

16. During his employment, Plaintiff's primary duty was to process these payments, insert the checks and accompanying documentation into an envelope, and deposit same with the United States Post Office.

17. During his employment, during the many times that an out-of-state foster parent's check was misplaced or did not reach its destination, the foster parent called Plaintiff on his desk phone and Plaintiff was responsible for troubleshooting the problem for the out-of-state foster parent.

18. During his employment, Plaintiff's primary duty was also to communicate with out-of-state foster parents via USPS mail to distribute updates to company policy and procedures, training, and foster child status updates.

19. From on or about September 20, 2010 until on or about June 27, 2016, Plaintiff

regularly worked 5 days per week, Monday through Friday.

20. During this time, Plaintiff also worked either from home or at the office on weekends twice a month for about 6 hours.

21. From on or about September 20, 2010 until on or about February 29, 2016, Plaintiff was scheduled to work from 10:00 a.m. to 6:00 p.m., Monday through Friday.

22. However, each day plaintiff worked from 10:00 a.m. to approximately 9:00 p.m. for a total of 55 hours per week.

23. During this time, plaintiff worked 61 hours a week twice a month when he worked an additional 6 hours on the weekends.

24. During his employment, plaintiff ate lunch each day at his desk and did not receive uninterrupted meal breaks.

25. From on or about March 1, 2016 until on or about June 27, 2016, Plaintiff was scheduled to work from 9:00 a.m. to 5:00 p.m., Monday through Friday.

26. However, each day during this time plaintiff worked from 9:00 a.m. to approximately 8:00 p.m. for a total of 55 hours a week.

27. Additionally, during this time plaintiff worked 61 hours a week twice a month when he worked an additional 6 hours on the weekends.

28. During his employment, Plaintiff was paid by the hour.

29. During his employment, Plaintiff was paid for only 38 hours per week at his regular rate of pay.

30. During Plaintiff's employment, Defendants did not pay Plaintiff for the hours he worked in excess of 38 hours per week.

31. During Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for the hours he worked in excess of 40 hours per week.

32. During his employment, Plaintiff was not paid time and a half his regular rate of pay when he worked more than 40 hours per week.

33. During his employment, Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

34. During Plaintiff's employment, Defendants were aware of Plaintiff's work hours, but failed to pay him the full amount of wages to which he was entitled for this work time under the law.

35. Defendants managed Plaintiff's employment, including the number of hours worked.

36. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

37. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

38. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

39. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

40. At all times relevant to this Complaint, Defendants "employed" Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

41. At all times relevant to this Complaint, Plaintiff was an employee "engaged in commerce or engaged in the production of goods for commerce" within the meaning of the FLSA, and therefore, Defendants were and are subject to the overtime pay requirements of the FLSA.

42. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

43. Additionally, Oasis was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

44. Upon information and belief, the gross annual volume of sales made or business done by Oasis for the years 2015, 2014, and 2013 was not less than $500,000.00.

45. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq.*

46. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

47. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

48. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

49. However, none of the Section 13 exemptions apply to Plaintiff because he has not

met the requirements for coverage under the exemptions.

50. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

51. Defendants have not acted in good faith with respect to the conduct alleged herein.

52. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

53. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

54. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

55. At all times relevant to this Complaint, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of the NYLL and the regulations pertaining thereto.

56. Defendants failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

57. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

58. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT III
## NYLL SECTIONS 191 AND 198 VIOLATION

59. During Plaintiff's employment, Defendants required Plaintiff to regularly work 17 hours a week without paying him his regular wages.

60. During his employment, Defendants required Plaintiff to work 23 hours a week twice a month without paying him his regular wages.

61. That Defendants suffered and permitted Plaintiff to regularly work these hours each week without paying him his regular rates of pay or any compensation at all.

62. Defendants' failures to pay Plaintiff for all the hours he worked each week constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

63. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Determine the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. §207, and award those damages against Defendants and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

B. Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages against

Defendants and in favor of Plaintiff, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

      C.     Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees; and

      D.     Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Massapequa, New York
       September 21, 2016

                                             Neil H. Greenberg, Esq.
                                             Neil H. Greenberg & Associates, P.C.
                                             *Attorneys for the Plaintiff*
                                             4242 Merrick Road
                                             Massapequa, New York 11758
                                             Tel: 516.228.5100
                                             Fax: 516.228.5106
                                             nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Noel, Kerry v. Edwin Gould Services for Children and Families and Oasis Outsourcing VI Inc.</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
    Monday, July 11, 2016

_____
Kerry Noel